UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WENDELL ADRIAN BROWN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:26-CV-415-TAV-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on petitioner's motion for recusal [Doc. 2]. For the reasons explained below, petitioner's motion [Doc. 2] is **DENIED**.

Because petitioner does not specify under which statute, 28 U.S.C. § 144 or 28 U.S.C. § 455, he brings his motion for recusal, the Court will briefly address both. Title 28, United States Code, Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. While the court must accept the facts in the affidavit as true, such facts must "be such as would 'convince a reasonable man that a bias exists.'" *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (citations omitted).

On the other hand, 28 U.S.C. § 455 requires disqualification when a judge's "impartiality might reasonably be questioned" or "[w]here he has personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)–(b)(1). The question under § 455 is objective: whether the judge's impartiality might be questioned from the perspective of a reasonable

person. *See Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016); *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). A "judge need not recuse himself . . . based on the subjective view of a party, no matter how strongly that view is held." *Kemp v. United States*, 52 F. App'x 731, 734 (6th Cir. 2002) (citation omitted). Rather, "[a] bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Moniz v. Cox*, 512 F. App'x 495, 502 (6th Cir. 2013) (citation and internal quotation marks omitted). As a result, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Although the statutes differ in language, 28 U.S.C. §§ 144 and 455 are often read and construed together. *See Story*, 716 F.2d at 1091; *see also id.* ("[T]he difference between sections 144 and 455 is that section 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint."). In the instant case, whether the Court analyzes petitioner's motion under § 144 or § 455, the standard for recusal is not met.

Petitioner asserts that the undersigned should be recused from the case because the undersigned "violat[ed] [his] rights at trial" and was, "at the very least not being a[n] impartial judge" [Doc. 2]. Petitioner further asserts that, because "it would be impossible to be truly fair when the issue is a mistake you made," a conflict of interest exists such that recusal is appropriate [*Id.*]. But a judge's presiding over a criminal matter, and then presiding over the subsequent post-conviction matter, does not constitute grounds for

recusal, as the information the judge learns during the course of the underlying criminal matter is not "extrajudicial." *See Latham v. United States*, 106 F. App'x 395, 397 (6th Cir. 2004). Thus, petitioner's statements, without more, do not raise objectively reasonable grounds that call into question the undersigned's impartiality. Further, while "a judge is obliged to disqualify himself where there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required." *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (citation omitted).

Accordingly, the Court finds that recusal is not warranted, and petitioner's motion for recusal [Doc. 2] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE